LEAVENWORTH *vs.* PLUNKETT.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

A petition for an order of sequestration is not an amendment of the original pleadings; but is in a manner wholly unconnected with them, and does not require leave of the court to file it.

To obtain an order of sequestration of a tract of land, to prevent the possessor from committing waste, and using the fruits and revenues, the affidavit must set forth a *legal cause,* that the party obtaining it, has *good ground* of apprehension, &c. It is insufficient to state he has *ground* to apprehend that the defendant will commit waste, &c.

The plaintiff alleges he is the owner of a section of land, lying on Red River, in the parish of Natchitoches, which was confirmed by act of congress, passed the 5th of February, 1825, to one John Litton, from whom he derives title. That notwithstanding his right and title to said land, the defendant has taken possession of a part of it, and refuses to restore it, although amicably demanded. He prays that the defendant be required to restore and deliver up the possession, and pay him ten thousand dollars for waste and profits, in cutting timber and raising crops thereon, and that he be adjudged to pay one thousand dollars per annum, from the inception of suit until possession is restored, for the use of said land, &c.

The defendant pleads a general denial; and denies specially that the plaintiff and Litton, under whom he claims, have any title to the land in contest. The land confirmed to Litton, he allges, is situated on the Bayou Tortoise, near the Sabine where he resided in 1814, when he filed his application and claim before the land commissioners; and that he never cultivated or occupied any land on Red River, &c. That the claim of John Litton has never been located by competent authority, so as to embrace the land occupied by this

WESTERN DIST.
October, 1834.

LEAVENWORTH
vs.
PLUNKETT.

respondent. It is admitted a survey was made and patented, but was caveated, and on appeal to the commissioner of the general land office, the patent was withheld, &c.

He further alleges that he settled on the land in contest, previously to the year 1829, and has continued to cultivate and occupy it ever since ; that a preemption has been awarded him by the register and receiver, at Opelousas, according to law. That acting in good faith, he has made valuable improvements on the land, worth ten thousand dollars, for which he prays judgment in case of eviction.

After suit had been pending six months, the plaintiff presented his petition, alleging that he had *good grounds to fear and apprehend,* that the defendant would make use of his possession, to dilapidate the land occupied by him, and waste the fruits and revenues arising therefrom ; he prayed that the land in controversy be sequestered during the pendency of the suit. An affidavit of the plaintiff embracing these facts, accompanied the petition.

The District Judge allowed a writ of sequestration as prayed for, on the plaintiffs executing his bond with a surety, in the sum of two thousand five hundred dollars.

From the order of sequestration, the defendant appealed.

*Winn,* for the appellant, assigned the following points as errors on the face of the record.

1. That the new petition is clearly an amendment of the original one ; and no amendment can be filed without leave of the court, and which must be obtained in open court. *Code of Practice,* 419.

2. The affidavit of the plaintiff is insufficient to obtain an order of sequestration. It only states that the affiant has "*grounds to apprehend waste, &c.,* which is too vague, loose and equivocal, to sustain this application and order.

3. This is such a case as will authorise an appeal. The injury would be irreparable without it. A man's entire property might be taken from him without color of justice or law. 5 *Martin, N. S.* 42.

*Boyce, contra.*

1. This is a conservatory measure given by law, to a party who has good ground to apprehend that his adversary will make use of the property in contest, so as to dilapidate or waste the fruits and revenues during the pendency of the suit. *Code of Practice, art.* 275, *No.* 3.

2. The appeal is illegal, and does not properly lie from the decision of the court refusing to dismiss the order of sequestration. The appeal should therefore be dismissed.

*Winn*, in reply, contended, that the appeal was properly taken, and would lie in this case. 5 *Martin, N. S.* 42. 10 *Martin*, 174.

*Martin J.*, delivered the opinion of the court.

The defendant is appellant from an order of the district judge, granting a writ of sequestration on the petition and affidavit of the plaintiff, made subsequent to the institution of suit.

The appellant relies on the following assignment of errors.

1. The petition for the order of sequestration, is clearly an amendment of the original one, and as such, could not have been filed without leave of the court.

2. The affidavit on which the application is grounded, is not such a one as the law requires.

3. The affidavit states, that the affiant has *ground to apprehend, &c.*, which is too vague, loose and general.

A petition for an order of sequestration does not appear to this court to be an *amendment* of the original petition. It is in a manner wholly unconnected with it. It does not necessarily supply any defect in the original pleadings, as it often sets up and claims a right resulting from circumstances *posterior* to the *petition*. This is the case when the *ground* of apprehension is given by the conduct of the defendant during the pendency of the suit. All that the law requires in the affidavit on an application for a writ of sequestration, is that it should set forth the causes for which the order is claimed.

*A petition for an order of sequestration, is not an amendment of the original pleadings; but is in a manner wholly unconnected with them, and does not require leave of the court to file it.*

The plaintiff swears, " he has *ground to apprehend* that the defendant will make use of his possession to dilapidate and

WESTERN DIST. waste the fruits and revenues produced by the property and
*October, 1834.* convert them to his own use."

GRIFFITH ET AL.        The cause set forth in the affidavit, must be *essentially,* a
*vs.*
MINER.    legal one. ' In the present case we are referred, for the
To obtain an legality of the cause stated in the affidavit, to the *Code of*
order of seques-
tration of a tract *Practice, art. 275, No. 3.* This requires *good ground* of
of land, to pre- apprehension.
vent the posses-
sor from com-    The court is of opinion, that when the affidavit does
mitting waste
and using the not state any particular ground of apprehension, so as to
fruits and reve-
nues, the affida- enable the court to judge of it, he must at least bring his
vit must set forth case within the words of the Code, and allege that he has
*a legal cause* that
the party obtain- *good ground;* otherwise the most futile pretexts and state-
ing it has *good*
*ground* of appre- ments, would enable the party, to sequester the property
hension, &c. It of the defendant.
is insufficient to
state he has
*ground* to appre-    It is, therefore, ordered, adjudged and decreed, that the
hend that the
defendant will judgment of the District Court be annulled, avoided and
commit waste,
&c.      reversed; and that the order of sequestration be rescinded;
the appellee paying costs in this court.